LE SUEUR, Judge
(dissenting).
While I quite agree with the facts as found by the majority opinion and the principles of law announced therein, I cannot agree with the application of the latter to the former and, therefore, respectfully dissent.
After setting forth the standard or care imposed upon an arresting police officer, the majority opinion acknowledges that “He is not charged with negligence in failing to prevent that which he cannot reasonably foresee might happen.” The opinion fails to demonstrate how or why the arresting officer should have foreseen the outbreak of a fire of unknown origin and seems to rest more on a finding that the defendants failed to prove the affirmative defense of contributory negligence rather than on a finding of proof of actionable negligence on the part of the officer.
The trial judge found that plaintiff had been arrested by the arresting officers in this case on numerous occasions for public intoxication. They had firsthand, personal knowledge that plaintiff was quiet, peaceable, and had never offered any resistance or trouble. Plaintiff apparently resumed a sleeping position upon being placed in the patrol car.
While I readily agree that persons who are intoxicated are to be accorded a higher degree of care because of their condition, I simply do not agree that it constituted negligence on the part of this officer to leave this particular drunken person unattended for a few minutes as he did. To so hold means that the officer failed in his duty to anticipate that a fire of unknown origin would suddenly break out in a police car when their existed no reason why he should have expected that such an event would take place. It is my belief that the officer acted properly, and he was not negligent in not anticipating that which he had no reason to anticipate.
For the above reasons, I respectfully dissent.
LE SUEUR, J. is of the opinion the rehearing should be granted.